### J. H. BRYAN ET AL. v. E. G. BOWSER.

#### No. 6394.

Fraud — Collusion. — Fraud and collusion in the procurement of a judgment will not be presumed as against the findings of the trial judge, from the mere fact that a former plaintiff recovered a part of the land in controversy under a consent judgment, that he at once conveyed it to his attorney, who conveyed to the attorney of the defendant, by whom the purchase money was paid, one-half of which was retained by plaintiff's attorney, and the other half paid to a third party who purchased during the pendency of the suit in which the compromise decree was entered, and through whom the parties setting up the fraud claim. As against the findings of the trial judge it will be presumed that no facts exist other than such as are contained in the record. For facts see opinion.

APPEAL from Dallas. Tried below before Hon. Thos. J. Freeman, Special District Judge.

The opinion states the case.

*Leake & Henry,* for appellants.—Whenever a judgment is procured through the fraud of either of the parties, or by the collusion of both, for the purpose of defrauding some third person, he may escape from the injury thus attempted by showing even in a collateral proceeding the fraud or collusion by which the judgment or decree was obtained. Freem. on Judg., 3 ed., secs. 334–336; Ellis v. Kelley, 8 Bush, 621; West v. Kerby, 4 J. J. Marsh, 56.

*Coombes & Gano,* for appellee. — 1. A purchaser *pendente lite* is in strict privity with his vendor, is not a third party or stranger to the proceedings, and can not in a collateral proceeding attack a judgment. Punchard v. Delk, 55 Texas, 307; Hair v. Wood, 58 Texas, 79; Freem. on Judg., secs. 191–193, 334.

2. The judgment having been rendered for appellee, he was under no duty to and could not appeal from the finding of fact. The absence of statement of facts must then be charged to appellants; and there being none, the appellants can not show that they were injured by the court's conclusions of law, even if erroneous, since they can not show that the evidence introduced below established fraud.

STAYTON, CHIEF JUSTICE.—The property in controversy formerly belonged to O. P. Bowser, against whom J. L. Fisher, in 1872, brought a suit seeking specific performance of a contract to convey one and a quarter acres of land, which embraced that in controversy, which consists of a lot twenty-five feet wide and one hundred feet long.

On April 15, 1881, a consent decree was entered in that case, through which Fisher recovered only the lot in controversy, which he at once conveyed to the attorney who had represented him, who conveyed to the attorney that had represented Bowser. The purchase money, $500, was paid by this last purchaser, and one-half of this was retained by the attorney who had represented Fisher, and the balance was by him paid to W. G. Randall.

Pending the litigation between Fisher and Bowser, the latter, as well as W. G. Randall, conveyed the lot in controversy to John H. Bryan, through whom the other appellants claim an interest. The cause was tried without a jury, and the court found that the judgment in favor of Fisher against Bowser was conclusive against Bryan, a purchaser pending the litigation, and against those who claim through him.

It was claimed on the trial, but not through pleadings, that W. G. Randall was the owner of whatever right Fisher was asserting against Bowser, and that the consent judgment was collusive and for the purpose of defrauding Bryan and those who claim through him. There is no statement of facts, but the court found as a fact that W. G. Randall was not shown to be the real party in interest in the suit between Fisher and Bowser, although such a claim was urged in the suit between Fisher and Bowser and also in this.

It further appeared that the attorney who represented Fisher was employed by Randall, but whether this was done as agent of Fisher or in his own interest does not appear. It is contended that these facts show that the judgment rendered in favor of Fisher was collusive, but it seems to us that such an inference does not necessarily or fairly arise.

We are not informed on what the right asserted by Fisher against Bowser may have been based, and as far as we can know from the record his right to all the land he sought to enforce claim to may have been just, or he may have had some right in the part now in controversy which he did not have to other parts.

Collusion ought not to be inferred simply from the fact that Fisher re-

covered that part of the property in controversy between him and Bowser which the latter had sold to Bryan pending litigation.

If appellants desired to show collusion they should have brought forward all the facts of the case bearing on that question, and it ought to be presumed that there were no facts tending to show wrongful conduct other than such as appear in the record before us.

So far as the record shows, Randall may have employed an attorney to represent Fisher, and may have received that part of the purchase money not necessary to pay the attorney fee in the utmost good faith as the agent of Fisher, and without any personal interest whatever in the property. If there was fraud or collusion the means for showing its existence was most probably at hand, and in view of the finding of the court below we can not assume the existence of either.

If Bryan was of opinion that Bowser was not in good faith defending the suit brought against him by Fisher, upon proper showing he might have been permitted to intervene for the protection of any right he had; but in this action, which is simply one of trespass to try title, brought against the purchaser from Fisher alone, it may be doubted if he can be heard to question the conclusiveness of the former judgment.

If he can so be heard, then it was incumbent on him and coplaintiffs to show clearly that the former judgment was fraudulent or collusive.

We can not say that facts appear in the record before us which show that fraud or collusion existed between Fisher and Bowser.

Unless such facts were shown there would be no good reason for reversing the judgment, even if the court below had erred in holding that the former judgment was conclusive of the rights of the parties:

The court, however, seems to have held that the proof did not show collusion.

There is no matter presented that would justify a reversal of the judgment, and it will be affirmed.

*Affirmed.*

Delivered May 20, 1890.

Justice Henry not sitting.